IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Big Time Toys, L.L.C.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case Number:** _____ |
| **v.** ) | |
| ) | **Judge:** _____ |
| ) | |
| **GKCS, INC.** ) | |
| ) | **Jury Trial Demanded** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Big Time Toys, L.L.C. ("BTT"), through counsel, files this Complaint against GKCS, Inc. ("Defendant") for, among other things, trademark infringement, unfair competition and damages stemming therefrom. In support, BTT states as follows:

### NATURE OF THE ACTION

1. BTT bring this lawsuit to protect the substantial goodwill that it has developed by selling high quality novelty toys under its federally registered SILLY STRING® trademark.

2. Since at least July 23, 2021, BTT has used the SILLY STRING® trademark in connection with aerosolized cans that spray a stream of plastic for amusement purposes

3. BTT's SILLY STRING® branded novelty toy is well-known and popular.

4. For example in 2025, BTT sold nearly 500,000 units of its SILLY STRING® branded to its largest customer.

5. The goodwill, reputation for quality, and sales momentum that BTT has cultivated is being damaged by Defendant's recent introduction of a highly similar novelty toy product under the highly similar marks "SILLY STRING SOAP" and "SILLY STRING BUNDLE".

6. Unless Defendant is enjoined from using its SILLY STRING SOAP and SILLY STRING BUNDLE marks, such use will cause consumer confusion and will cause irreparable harm to BTT, including BTT's ability to foster trust among its customers and differentiate its brand from competitors.

7. This action seeks injunctive relief, damages, and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition.

## PARTIES

8. BTT, is a Tennessee limited liability company, with its principal place of business located at 2821 Dogwood Place, Nashville, Tennessee.

9. Upon information and belief, Defendant is a Delaware corporation with its principal place of business located at 66 West Flagler St, Suite 900, Miami, Florida 33010.

## VENUE AND JURISDICTION

10. This Court has original subject matter jurisdiction over the claims in this action that relate to trademark infringement and federal unfair competition pursuant to 15 U.S.C. §§ 1114; 1121(a), 15 U.S.C. § 1125(a), and 28 U.S.C. §§ 1331; 1338, as these claims arise under the laws of the United States. This Court has supplemental jurisdiction over BTT's related state and common law claims under 28 U.S.C. §§ 1338 and 1367.

11. Additionally, this Court has diversity over the parties pursuant to 28 U.S.C. § 1332.

12. This Court has personal jurisdiction over Defendant because, through Defendant's selling, marketing and advertising activities, including its infringing social media advertising

campaigns and its infringing website, Defendant is transacting business within this State and is targeting residents of this State, has engaged in acts or omissions within this State causing injury to BTT, a resident of this State and this District, and/or has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

13. Venue is proper in this District in accordance with 28 U.S.C. § 1391(b) because Defendant does business in this District and a substantial part of the events or omissions giving rise to BTT's claims have occurred and are continuing to occur in this District, in that Defendant has targeted its infringing activities to users within this District.

## FACTS

14. Since at least July 23, 2021, BTT has continuously sold and marketed its aerosolized toy cans that spray streams of plastic used the mark SILLY STRING® (the "Mark").

15. Among other channels, BTT sells its SILLY STRING® branded novelty toys on Amazon.com and through retailers such as Target Corp. *See* Exhibit A.

16. The Mark is a well-known trademark.

17. In fact, in 2025, BTT sold nearly 500,000 units of its SILLY STRING® branded novelty toys to its largest customer.

18. In the past two years, BTT has spent approximately $300,000 in advertising its SILLY STRING® branded novelty toys.

19. Children, tweens, and party goers are the target audience of BTT's SILLY STRING® branded novelty toys.

20. Through its extensive sales and advertising, BTT has established strong brand recognition and goodwill of the Mark.

21. The Mark is federally registered, and inherently distinctive as applied to BTT's SILLY STRING® branded novelty toys.

22. In particular, BTT owns the entire right, title and interest to U.S. trademark registration no. 7.035,175, which issued on April 25, 2023 for the mark SILLY STRING in connection with "novelty toy item in the nature of a dispenser of stream material" (the "Registration"). *See* Exhibit B.

23. The Registration is valid and subsisting and has never been cancelled.

24. Since the Registration issued, BTT has marked its SILLY STRING® branded novelty toys with the registered trademark symbol.

25. On January 20, 2026, Defendant filed U.S. trademark application no. 99/605,253 with the United States Patent & Trademark Office to register the mark "SILLY STRING" in connection with "Non-medicated skin care preparations; Non-medicated bath soap; Bath soaps; Body wash; Non-medicated body care preparations, namely, foaming bath preparations; Non-medicated bath preparations; Hair shampoo; Shampoo-conditioners; Hair shampoos and conditioners" (the "Infringing Application"). *See* Exhibit C.

26. The Infringing Application claims a date of first use in commerce of the SILLY STRING mark as at least as early as January 19, 2026.

27. The Infringing Application provides screenshots from Defendant's website, https://dojocare.co/products/great-at-eight, as specimens to show that it advertises and offers for sale products under the SILLY STRING name.

28. In fact, the specimen shows that Defendant uses the names "SILLY STRING SOAP" and "SILLY STRING BUNDLE" in connection with aerosolized cans that emit foam, which it targets to "kids & tweens." *See id.*

29. Defendant's dojo.care.co website is an interactive website where visitors to the website can purchase the "SILLY STRING SOAP" and "SILLY STRING BUNDLE" and have the products shipped to Nashville, Tennessee. *See id.*; Exhibit D.

30. Defendant's dojo.care.co website also shows that Defendant is aware of BTT's SILLY STRING® branded novelty toys; in advertising Defendant's SILLY STRING SOAP and SILLY STRING BUNDLE, the website describes the product "[i]f silly string was a soap . . . ."

31. In addition, on February 14, 2026 and February 16, 2026, counsel for BTT, while browsing his personal social media account in Nashville, Tennessee received two advertisements that use the term "silly string" to promote Defendant's aerosolized can products. *See* Exhibit E and Exhibit F.

32. In fact, Defendant's advertisement references BTT's SILLY STRING® product, showing that Defendant is aware of the Mark and the infringement is willful and intentional. *See* Exhibit E.

33. Additional infringing advertisements are provided in Exhibit G.

34. The DOJO name on the aforementioned website and social media advertisements is subject to U.S. trademark application no. 99030928, owned by Defendant, which in addition to the Infringing Application shows that the website and advertisements were created by Defendant.

35. BTT never consented to Defendant's use of the Mark.

36. Defendant's infringement of the Mark has caused BTT harm, for which it is entitled to relief, as more fully set forth below.

## CAUSES OF ACTION

### COUNT I
### Trademark Infringement under the Lanham Act (15 U.S.C. § 1114)

37. BTT incorporates all foregoing paragraphs as if set forth fully herein.

38. BTT owns a valid and registered trademark for SILLY STRING® in connection with a "novelty toy item in the nature of a dispenser of stream material."

39. Defendant intentionally used the highly similar names "SILLY STRING SOAP" and "SILLY STRING BUNDLE" in connection with confusingly similar products, including children's novelty toys in the nature of aerosolized cans that spray streams of foam, without BTT's consent with the knowledge of BTT's prior use and an intention to cause confusion.

40. Defendant's adoption of BTT's SILLY STRING® trademark is likely to cause confusion among consumers.

41. BTT has suffered damages, including lost business and harm to its reputation, including connection with its customers and brand differenitation, due to the confusion created by Defendant's unauthorized use of BTT's SILLY STRING® trademark.

42. This is further an exceptional case under 15 U.S.C. § 1117.

## COUNT II
## Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a))

43. BTT incorporates all foregoing paragraphs as if set forth fully herein.

44. This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

45. Defendant's advertisement, promotion, offer for sale, and sale of its "SILLY STRING SOAP" and "SILLY STRING BUNDLE" aerosolized cans, to other actual and potential customers, using confusingly similar marks, without BTT's consent, constitutes false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to make mistake, or to deceive as to the affiliation,

connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of its goods or commercial activities by another entity in violation of 15 U.S.C. § 1125(a).

46. Defendant's acts of false designation of origin and unfair competition have been willful and without regard to BTT's rights.

47. Pursuant to 15 U.S.C. § 1117, BTT is entitled to recover (1) Defendant's profits, (2) any damages sustained by BTT, and (3) the costs of the action. In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the Court finds to be just, according to the circumstances of the case. The Court may also award BTT its reasonable attorneys' fees for the necessity of bringing this claim in this case.

48. BTT has been damaged by Defendant's conduct in an amount to be determined at trial.

49. Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, BTT has suffered and continues to suffer great and irreparable injury, for which BTT has no adequate remedy at law.

50. Defendant will continue its false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendant is enjoined by this Court.

## COUNT III
**Trademark Infringement (Tenn. Code Ann. § 47-25-512)**

51. BTT incorporates all foregoing paragraphs as if set forth fully herein.

52. The Mark is a valid trademark under Tennessee law.

53. Defendant's "SILLY STRING SOAP" and "SILLY STRING BUNDLE" aerosolized cans is confusingly similar to the Mark.

54. Defendant's use of the names "SILLY STRING SOAP" and "SILLY STRING BUNDLE" in connection with its aerosolized cans is likely to cause confusion among potential customers, which is prohibited by Tenn. Code Ann. § 47-25-512.

55. Defendant's actions were done knowingly and with the intent to cause confusion, mistake, or deception.

56. BTT has been damaged by this infringement and seeks injunctive relief to stop further infringement, as well as monetary damages, lost profits, treble damages, and attorneys' fees for the harm caused by Defendant's actions.

## COUNT IV
**Violation of the Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-101 et. seq)**

57. BTT incorporates all foregoing paragraphs as if set forth fully herein.

58. Defendant's conduct, including the use of the Mark and the highly similar "SILLY STRING BUNDLE" and "SILLY STRING SOAP" marks, constitutes an unfair and deceptive trade practice under the Tennessee Consumer Protection Act, specifically as set forth in Tenn. Code Ann. § 47-18-104(b)(1)-(4).

59. At all times, Defendant's actions were done knowingly and willfully, and with full knowledge of BTT"s SILLY STRING® product.

60. Defendant's actions have caused and continue to cause confusion among consumers, harming both consumers and BTT by diverting business and creating a false association between the BTT and Defendant.

61. BTT seeks injunctive relief to prevent Defendant from continuing to use the Mark and the highly similar "SILLY STRING BUNDLE" and "SILLY STRING SOAP" marks, as well

as money damages, including treble damages, for the financial harm caused by Defendant's deceptive practices.

## COUNT V
### Common Law Trademark Infringement and Unfair Competition

62. BTT incorporates all foregoing paragraphs as if set forth fully herein.

63. BTT has established common law rights in the Trademark and Registration through continuous and exclusive use in commerce.

64. Defendant's use of the name use of the name Silly String in connection with its Silly String aerosolized cans is likely to cause confusion among consumers and constitutes unfair competition under Tennessee common law.

65. At all times, Defendant's actions were done with the intent to deceive or confuse the public and consumers.

66. As a result of Defendant's actions, BTT has suffered and will continue to suffer harm.

67. BTT seeks damages for the harm caused by Defendant's unauthorized use of a confusingly similar name for of its Silly String aerosolized cans.

## JURY TRIAL DEMAND

BTT respectfully demands a trial by jury on all claims and issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, BTT prays for a judgement in its favor and requests that this Honorable Court grant the relief requested above as follows:

A. Defendant and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, be enjoined and restrained from:

   a. using the marks "SILLY STRING", "SILLY STRING SOAP" and "SILLY STRING BUNDLE", or any other copy, reproduction, or colorable imitation or simulation of BTT's SILLY STRING® mark in connection with any goods or services offered by Defendant;

   b. using any trademark, service mark, trade dress, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to the BTT's SILLY STRING® mark;

   c. engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, deception, or public misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's services with or by BTT;

   d. passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of BTT, or otherwise continuing any and all acts of unfair competition alleged in this Complaint; and

   e. otherwise infringing upon BTT's SILLY STRING® mark or unfairly competing with BTT in any manner whatsoever. money damages for lost profits;

B. The award of damages resulting from Defendant's infringement, unfair competition, and false designation of origin of services be trebled;

C. attorneys' fees and costs;

D. an Order that this is an exceptional case under 15 U.S.C. § 1117.

10

Case 3:26-cv-00222    Document 1    Filed 02/26/26    Page 10 of 11 PageID #: 10

E. all other relief that this Court deems appropriate.

Respectfully submitted, this 26th day of February 2026.

By:   */s/ Donna M. Tees*
Donna Tees TN BPR No.
2021 Richard Jones Rd, Ste 120
Nashville, TN 37215
O: 615-383-3332
D: 615-988-0526
tees.law@nashville.net
*Attorney for Big Time Toys, LLC*
